NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO DAVILA-RABANAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    19-71872

Agency No. A073-841-949

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021[**]
Pasadena, California

Before:  GRABER, MILLER, and LEE, Circuit Judges.

Ricardo Davila-Rabanal seeks review of the Board of Immigration Appeals'

(BIA) order affirming the denial of his Convention Against Torture (CAT) claim.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.    We review the denial of CAT protection for substantial evidence.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Lopez v. Sessions*, 901 F.3d 1071, 1074 (9th Cir. 2018). Under that standard, we must "uphold the agency's determination unless compelled to conclude to the contrary." *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (internal quotation marks omitted). Substantial evidence supports the BIA's denial of CAT protection.

2. The Peruvian police's treatment of Davila-Rabanal—while brutal—did not rise to the level of torture. He described his injuries as "bruises" with some "minor cuts," and his worst injury was a cut across his forehead. Although the police pointed a gun at Davila-Rabanal and hit him with it, the record contains no evidence that the gun was loaded or that the officers ever threatened to kill him. To the contrary, in response to a question from the immigration judge, Davila-Rabanal clarified that the police did not threaten to kill him. We have held that such treatment is a lesser form of cruel, inhuman or degrading treatment that does not amount to torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007); *Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013). Substantial evidence thus supports the BIA's determination that Davila-Rabanal has not suffered past torture.

3. Substantial evidence also supports the determination that Davila-Rabanal's ability to live in Peru for three years without incident undermines his claim of fear of future torture. Davila-Rabanal lived a normal life in Peru. He held a job, acquired housing, traveled throughout the city, and even obtained a passport from the Peruvian government.

2

4. The evidence of country conditions does not overcome the deficiencies in Davila-Rabanal's testimony. The country conditions evidence does not paint a picture of widespread torture such that "the country conditions alone [] play[s] a decisive role in granting relief . . . ." *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1280 (9th Cir. 2001).

5. Davila-Rabanal makes several arguments that the BIA erred in its torture analysis, but none of them has merit.

First, he argues that the BIA erred in finding that the government had not acquiesced in his torture. But the BIA never said that the government did not acquiesce in Davila-Rabanal's beating.

Second, he contends that the BIA cited factually inapposite cases. He argues that *Zhang v. Ashcroft*, 388 F.3d 713, 721–22 (9th Cir. 2004), is inapt because the asylum-seeker in that case had never been tortured. But the BIA merely cited *Zhang* for the proposition that "to demonstrate eligibility for protection under the [CAT], the evidence must demonstrate a clear probability that the applicant will be tortured in the country of removal." The next case is *Matter of J-F-F-*, 23 I. & N. Dec. 912 (A.G. 2006), which the BIA cited for the proposition that "an alien's eligibility for deferral under the Convention Against Torture cannot be established by stringing together a series of suppositions." The agency permissibly concluded that Davila-Rabinal's CAT claim relies on a series of suppositions.

3

Third, Davila-Rabanal asserts that his "claim relies upon a line of precedent regarding the relevance of past torture." But his past treatment by the police did not rise to the level of torture. Given that fact, his reliance on cases considering the relevance of past torture is misplaced.

**DENIED.**